IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 07-0359-CV-W-ODS |
| UNITED STATES CURRENCY IN THE AMOUNT OF $54,390.00, | ) | |
| and | ) | |
| 13 UNITED STATES POSTAL MONEY ORDERS TOTALING $12,989.00, | ) | |
| Defendants. | ) | |
| DON A. WHITE, JR., | ) | |
| Claimant. | ) | |

ORDER AND OPINION DENYING CLAIMANT'S MOTION TO DISMISS

Pending is Claimant's Motion to Dismiss the Complaint for Forfeiture because it was not timely filed. The Complaint was timely filed, so the motion (Doc. # 5) is denied.

The salient facts are not in dispute. The Drug Enforcement Administration ("DEA") received Claimant's claim to the assets in question on February 12, 2007. This obligated the Government to either return the assets to Claimant or seek their forfeiture within ninety days. 18 U.S.C. § 983(a)(3)(A). The instant Complaint was filed on May 14, 2007 – or, ninety-one days after February 12, 2007. However, the ninetieth day – May 13, 2007 – fell on a Sunday, so the Complaint was filed on the first business day thereafter. Defendant contends the law does not permit an extra day to be added when the final day of a statutorily-mandated period ends on a Sunday. The Court disagrees.

Rule 6(a) of the Federal Rules of Civil Procedure declares that "[i]n computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, *or by any applicable statute*, . . . [t]he last day of he period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . . in

which event the period runs until the end of the next day which is not one of the aforementioned days." Although there is no consensus on the matter, see Wright & Miller, Federal Practice & Procedure, Civil (3d) § 1163, the Eighth Circuit applies Rule 6(a) to statutorily-created time periods that are not jurisdictional. E.g., Moore v. United States, 173 F.3d 1131, 1134 (8th Cir. 1999). The time period described in section 983(a)(3)(A) is not jurisdictional because it can be extended by a district court (and courts cannot create or affect their own jurisdiction).[1] Therefore, Rule 6(a) applies and the Complaint was timely filed.

IT IS SO ORDERED.

DATE: July 30, 2007

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

---

[1] In fact, the Court's statutory power to "extend the period for filing a complaint for good cause shown" arguably permits the Court to retroactively deem the complaint to have been timely filed for good cause because the deadline fell on a Sunday.

2